UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGH GLASS,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>        Defendant. | Case No. 16-cv-02142-JD<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING SANCTIONS MOTION** |

DEFENDANT'S MOTION TO DISMISS (DKT. NO. 16)

Defendant asks the Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, because "the federal government has not waived its sovereign immunity" for plaintiff's claims. Dkt. No. 16 at 1-2. The Court finds, however, that that argument is somewhat premature, and dismissal of the complaint is more appropriate under a different rule. As defendant notes, plaintiff's complaint "does not identify the specific statutes under which she is suing." *Id*. at 2. Indeed, the complaint makes no reference to any law, statutory or otherwise, other than a reference to 28 U.S.C. § 1331 (the federal question statute) as the basis for federal jurisdiction in this case. Dkt. No. 1 ¶ 2.

Dismissal is consequently appropriate under Federal Rule of Civil Procedure 8(a)(2). That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's complaint fails this requirement because it gives no indication of the legal bases for her claims for relief. A defendant required to respond to such a complaint "would have little idea where to begin." *Twombly*, 550 U.S. at 565 n.10. Plaintiff has, however, requested leave to amend in the event of a

dismissal, *see* Dkt. No. 30, and that is entirely appropriate here. The Court dismisses plaintiff's complaint with leave to amend under Federal Rule of Civil Procedure 8(a)(2), and sets **April 21, 2017**, as the deadline by which an amended complaint may be filed.

MOTION FOR SANCTIONS (DKT. NO. 34)

Plaintiff's sanctions motion against the Assistant United States Attorney assigned to this case and her supervisor is wholly without merit and it is denied. Nothing described in plaintiff's motion comes close to approaching sanctionable conduct.

In making her motion, plaintiff unnecessarily disparages the other side. *See*, *e.g.*, Dkt. No. 34 at 4 (suggesting the government's arguments here are "frivolous and ridiculous"). That plaintiff is proceeding pro se in this case does not excuse her from observing basic rules of civility, courtesy and respect. Plaintiff has failed in that regard with respect to court staff as well. *See* Dkt. No. 43. Plaintiff is admonished that future failures in this regard will not be well taken by the Court, and reminded that sanctions may be imposed if this kind of improper litigation conduct continues, including the possible termination of plaintiff's ECF filing rights. *See* Dkt. No. 45.

OTHER OUTSTANDING MOTIONS

The Court terminates as moot docket numbers 31, 32, 33 and 48.

**IT IS SO ORDERED.**

Dated: March 24, 2017

JAMES DONATO
United States District Judge

2