UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGH GLASS,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>    Defendants. | Case No. 16-cv-02142-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 51 |

    Before the Court is a motion to dismiss plaintiff's first amended complaint, brought by defendant the United States Department of Housing and Urban Development ("HUD"). Dkt. No. 51. HUD's motion seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Dkt. No. 51 at 1. The primary, indeed sole, basis for HUD's argument that the Court lacks subject matter jurisdiction is that the United States has not waived its sovereign immunity for the claims brought by plaintiff in this case. *Id*. at 2.

    The problem with HUD's motion is that it addresses only the Administrative Procedures Act ("APA"). *See* Dkt. No. 51 at 6 (arguing that the Court lacks jurisdiction because "[5 U.S.C.] Section 702 does not waive the government's sovereign immunity with respect to the claims she brings"). While it is true that that is the only sovereign immunity waiver expressly alleged by plaintiff, *see* Dkt. No. 50 ¶ 2(b) ("The defendants' sovereign immunity is waived pursuant to 5 U.S.C. § 702"), it is simply not correct that all of plaintiff's claims here are "dependent on the APA for a cause of action." Dkt. No. 54 at 2. Plaintiff, who is proceeding pro se in this matter, has also invoked the mandamus statute, 28 U.S.C. § 1361, as a basis for jurisdiction and relief. Dkt. No. 50 ¶ 2(c) & Prayer for Relief. That statute grants district courts with "original

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

While it is well-established in our circuit that the mandamus statute does not function as a general waiver of sovereign immunity, *see*, *e.g.*, *Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999), it does not appear impossible that the Court could have jurisdiction pursuant to that statute in a case like this one. In *Mashiri v. Department of Education*, 724 F.3d 1028, 1032 (9th Cir. 2013), the court made clear that in a mandamus case, jurisdiction could exist under the "Supreme Court's *Larson-Dugan* exception to sovereign immunity," which applies when an officer "is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden." The *Mashiri* court also approvingly quoted *Washington Legal Foundation v. U.S. Sentencing Commission*, 89 F.3d 897, 901 (D.C. Cir. 1996), for the proposition that if "a plaintiff seeks a writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity . . . no . . . wavier of sovereign immunity is needed." 724 F.3d at 1032.

This is a case in which plaintiff has alleged that HUD refused to "file and proceed with action on" her multiple housing discrimination complaints, refusing at all to respond, investigate or make a determination. Dkt. No. 50 ¶ 1. Taking those allegations as true, as the Court must do at this stage, it appears plaintiff's complaint at a minimum raises the possibility of jurisdiction under the principles set out in *Mashiri*. But HUD's motion does not even mention the mandamus statute, much less explain why there is no jurisdiction under that statute here. The Court denies HUD's motion for that reason, as it consequently fails to establish that the Court lacks subject matter jurisdiction over any and all of plaintiff's claims.

The Court does of course have an independent obligation to be sure of its own jurisdiction at all times. The Court cannot say for certain at this juncture that it does or does not have jurisdiction under the mandamus statute (or otherwise), but it declines to wade into those complex issues sua sponte without any input or argument from the parties. *See Independence Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (noting that "the exact interplay between" the

Mandamus and Venue Act of 1962 ("MVA"), 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 706, "has not been thoroughly examined by the courts").

It may well be that, as in *Mashiri*, the question of jurisdiction here -- at least under the MVA -- will "merge with the question on the merits." 724 F.3d at 1032 (quoting *Wash. Legal*, 89 F.3d at 901-02). While the Court has some serious doubts about the ultimate merits of this case, there is not a sufficient basis for dismissing the case for lack of jurisdiction at this time and so the Court denies defendant HUD's motion to dismiss, which sought dismissal on that ground only. Dkt. No. 51.

The Court further sets a case management conference for **May 10, 2017**, at **10:00 a.m.** At the CMC, the parties should be prepared to discuss the issues of jurisdiction, case status, and ADR (alternative dispute resolution) efforts thus far and preferred next steps. The parties are advised that the Court will not permit any telephonic appearances for the CMC. The pro se plaintiff and defense counsel must appear in person. A joint statement need not be filed in advance of the conference.

**IT IS SO ORDERED.**

Dated: March 22, 2018

JAMES DONATO
United States District Judge